WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

PER CURIAM.

(No. 6826—Claim )

JAMES EICKMEYER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 22, 1973.*

Petition of Respondent for rehearing allowed, award order stayed, case dismissed December 21, 1973 on Claimants motion.

JAMES EICKMEYER, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

BURKS, J.

Claimant, representing himself, presents this comparatively small claim for back pay in the amount of $350 which he contends is owed to him by the Department of Labor's Division of Unemployment Compensation.

Claimant avers that, during certain periods stated in the stipulation below, he performed the duties of Office Manager II at the Quincy Office of the above named division, while being paid at the salary and in the title of Unemployment Claims Deputy I.

There was a paucity of evidence presented by the claimant and none offered by the respondent since it did

not elect to answer. Respondent filed a motion to dismiss on technical and legal grounds. The court requested the respondent to make an investigation in the Department of Labor and submit a statement of facts which might obviate the necessity and expense of a formal hearing and the employment of legal counsel for the claimant. We are in receipt of the following stipulation filed on March 1, 1973:

### JOINT STIPULATION AS TO THE FACTS

Now comes the claimant, James Eickmeyer, and the respondent, State of Illinois, by William J. Scott, Illinois Attorney General, and jointly stipulate to the following facts for the purpose of presenting to the Court in a concise chronological order of the events as they occurred. The purpose of presenting it at this time is to aid the Court in its determination of the questions involved in respondent's Motion to Dismiss and the claimant's Objections to Respondent's Molion to Dismiss. In furtherance of this purpose, the parties stipulate as follows:

1. On or about December 1, 1968, the manager of the Quincy office of the Department of Labor, Division of Unemployment Compensation, Mr. Leroy Cramer, was transferred to the Rockford Office.

2. On or about June 16, 1969, Mr. John Robinson was appointed as manager to the Quincy office.

3. Mr. Robinson did not assume the managerial duties at Quincy until July 1, 1969.

4. During the period from on or about December 1, 1968 through on or about June 30, 1969, the claimant performed duties of Unemployment Compensation Office Manager II at the Quincy office while being paid at the salary of and in the title of Unemployment Claims Deputy I.

5. During January of 1969, the salary for the higher position would have been $726.00 whereas the claimant was paid at the lower salary of $715.00

6. For the months of February, March, April, May and June of 1969, the payment for the higher title would have been $742.00 per month, whereas the claimant was paid at the salary of $720.00 per month.

7. That during the period of time in question the total salary for the higher title would have been $4,436, whereas the claimant was paid $4,315, or $121 less than he would have been paid at the higher salary.

8. That the complaint alleges salary due of $315, this being based on an additional period of time for the period August 1, 1970 to October 1, 1970, but that during this time, the claimant had only limited additional responsibilities, not the full responsibility of a managerial position.

9. The Illinois Bureau of Employment Security, the office in question in this claim, is fully operated through federal grant-in-aid funds.

10. It has been agreed between the parties that should this court determine that the claimant is entitled to compensation, the amount of $121 would be the proper amount for an award.

11. This stipulation is not designed to supersede the motion or objections previously filed, but is supplemental for the Court's benefit in its determination of a proper course of action with regard to said motion and objection.

Based on the above stipulation, and without passing on the merits of respondent's technical legal arguments in its earlier motion to dismiss, we find that claimant is equitably entitled to back pay for services rendered in the amount of $121 under an implied contract with the respondent.

Claimant, James Eickmeyer, is hereby awarded back pay in the amount of $121.00.